UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

LOUISE DAVIS and
WILLIAM SCOTT DAVIS
   Plaintiffs

v.

MIAMI-DADE COUNTY
   Defendant.
_____/

## COMPLAINT

Plaintiffs LOUISE DAVIS and WILLIAM SCOTT DAVIS ("Plaintiffs"), sue MIAMI-DADE COUNTY ("Defendant"), and allege:

### JURISDICTION, PARTIES AND VENUE

1. This is an action for damages arising out of violations of federal and state law as detailed below.

2. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, the Fifth and Fourteenth Amendments to the United States Constitution, and Article I § 9 of the Florida Constitution. Jurisdiction is founded on  28 U.S.C. §§ 1331, 1343, 42 U.S.C. § 1988, and the constitutional provisions mentioned above.

3. In connection with the acts, practices and violations alleged below, the Defendant has directly or indirectly violated clearly established constitutional rights owed to Plaintiffs.

4. All conditions precedent under federal and Florida law for the filing of these claims have been performed, waived or excused.

1

5.  Plaintiff Louis Davis, is an individual over 18 years of age, not in the military service of the United States or its allies, a resident of Miami-Dade County, Florida, and is otherwise *sui juris* to this action.

6.  Plaintiff William Scott Davis, is an individual over 18 years of age, not in the military service of the United States or its allies, a resident of Miami-Dade County, Florida, and is otherwise *sui juris* to this action.

7.  Defendant is a political subdivision of the state of Florida and may be sued pursuant to Florida Statute §768.28.

## GENERAL ALLEGATIONS

8.  Plaintiffs are the owners of a female American Bulldog named "Precious".

9.  On or about February 21, 2023, at approximately 4:40 p.m., Plaintiffs opened their side gate to put away their boat.  At that time,  Carmen Castro and her husband Yondre Rodriguez were walking around the neighborhood along with their son, who was riding his bike.

10.  Precious headed towards the boy and bit him on the leg.

11.  On or about February 22, 2023, the day after the incident, Defendant created SR #23-10067724 which delineates that Precious had a *previous´* dog bite incident, citing to SR# 22-10067724.  However, SR 22-10067724 is linked to a request for a waste bin in Miami Lakes. Therefore SR #23-10067724 erroneously makes a claim that there was a *previous* dog bite report with Defendant when in fact there was only the one incident on February 21, 2023.

12.  On February 26, 2023, SR #23-10072460 was created to document the February 21, 2023 incident.

13.  Plaintiffs were advised to quarantine the dog for ten (10) days and provide the Precious' vaccination records to the Defendant.  Plaintiffs complied with both requests.

2

14.     On March 05, 2023, Carmen M. Castro executed a notarized witness affidavit that states in part: "I was informed by animal control department that this is not the first time this same dog attacks a person, there is an incident last year".  This refers to R 23-10072460, which is linked to a request for a *waste bin* in Miami Lakes, not a previous bite report.

15.     On March 15, 2023, Defendant filed a Verified Complaint in the Miami-Dade County Court bearing Case Number 2023-006429-CC-05, pursuant to sections 767.12(1)(a) and 767.14 of the Florida Statutes and section 5-22(g) of the Code of Miami-Dade County (the "Code"), verified, under oath, by Gary Boyett of the Miami Dade County Animal Services Department ("Boyett").

16.     Boyett was not present at the time of the incident on February 21, 2023, and did not have the firsthand knowledge required to verify the allegations in a complaint under penalty of perjury.

17.     On March 20, 2023, County Court Judge Michael G. Barket, substituting in for Judge Maria Gonzalez-Whyte, to whom this case was assigned, executed the *first* Final Order granting the Ex Parte Verified Petition to Seize One American Bulldog on Case No. 23-65[1]29-CC-05. *See* March 20, 2023 Order attached hereto and incorporated herein as **Exhibit "1"**.

18.     On or about March 23, 2023, Lisa A. Yambrich, acting under color of state law[2], served the Plaintiffs with this version of the Final Order Granting Ex Parte Verified Petition to Seize One American Bulldog, executed by Judge Michael Barket for Judge Gonzalez Whyte on March 20, 2023 on Case No. Case No. 23-6529-CC-05.

---

[1] The case number is 23-6429-CC-05; therefore this Order was entered in a *different* matter and is not able to be referenced on the docket for this case.
[2] Pursuant to sections 767.12(1)(a) and 767.14 of the Florida Statutes and section 5-22(g) of the Code of Miami-Dade County (the "Code").

3

19.     This version of the order does not contain language permitting the Defendant to euthanize Precious or notify Plaintiffs of this potential result.

20.     On March 27, 2023, Judge Diana Gonzalez-Whyte executed a *second* Final Order Granting Ex Parte Verified Petition to Seize One American Bulldog in Case No. 23-6429-CC-05. A copy of this Order is attached as **Exhibit "2".**

21.     On March 27, 2023, Judge Diana Gonzalez-Whyte executed a *third* Final Order Granting Ex Parte Verified Petition to Seize One American Bulldog in Case No. 23-6429-CC-05, but specifically granting the County to keep custody of Precious pending the outcome of its investigation and any hearings or appeals related to the County's decision to euthanize the her.  A copy of this Order is attached as **Exhibit "3"**.[3]

22.     On April 2, 2023, Gary Boyett sent a letter to Plaintiffs stating: "It is the Animal Services Department's intent to euthanize [Precious] pursuant to Miami Dade County Code, Section 5-22." This result of Mr. Boyett's 'investigation' should come as no surprise, as he was the party who executed the Verified Complaint on March 15, 2023. Clearly, the County's determination as to whether Precious should be declared dangerous was unilaterally decided at the time the County filed its *ex parte* Complaint. *See* Letter of Intent to Euthanize, attached and incorporated as **Exhibit 4.**

23.     On or about June 20, 2023, Plaintiffs filed their Emergency Motion for Injunction to Provide Adequate Medical Healthcare and Return Property or Allow for the Inspection of Property in which they requested this Honorable Court to issue an injunction against the Defendant

---

[3] Of note is a Channel 7 news story that illustrates with specificity the factual issues involved in the Defendant's ex parte complaint, available for viewing at Miami-Dade Animal Services took man's dog, legal expert says county violated the law - WSVN 7News | Miami News, Weather, Sports | Fort Lauderdale .

enjoining it from prohibiting the Plaintiffs from visiting Precious, or in the alternative, to return Precious, or require Petitioner to provide adequate medical care for Precious ("Motion").

24.     The gravamen of Plaintiffs' Motion was that Defendant, after seizing Precious, failed to provide any avenue to contest the basis for seizing Precious or offer any counter-evidence that would refute Defendant's reasons for seizing Precious and maintaining custody.  Moreover, Defendant refused to allow Plaintiffs *any* access to Precious under *any* circumstances arguing there was no basis in the law to require Defendant to allow such access.

25.     Indeed, the Court's Ex-Parte Order allowed only for Precious' custody.  However, there was no request for, or ruling on, terminating Plaintiffs' ownership rights. Defendant not only deprived the Plaintiffs with an opportunity to dispute the Defendant's seizure of Precious, but its subsequent actions of refusing to disclose Precious' location, refusing to allow them to visit or otherwise see Precious, and refusing to allow their own veterinarian to ensure Precious was healthy was substantial enough to a taking of Plaintiffs' property without due process in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 9 of the Florida Constitution.

26.     On July 14, 2023, the Judge Gonzalez-Whyte an order ("July 14 Order") granting the Motion in part specifically finding the Defendant violated Plaintiffs' due process rights when it took possession of Precious on an *ex-parte* basis without providing them with a subsequent hearing.  A copy of the July 14 Order is attached as **Exhibit "5".**

27.      The July 14 Order required Defendant to release Precious back to Plaintiffs "immediately forthwith but no later than 3:00 p.m., Monday, July 17, 2023."  *Id.*

28.     In addition, the July 14 Order included the following language:

> While Precious is in Respondents' custody, until further order of the
> Court, Respondents shall comply with section 5-22 of the Code of

Miami-Dade County, Florida, including but not limited to the requirements that the dog be humanely and safely confined by Respondents in a securely fenced or enclosed area, and that the dog not be relocated or have its ownership transferred.

Additionally, the dog must be leased and muzzled any time it is in public including but not limited to walks and visits to the veterinarian. The dog must be leased in every outdoor space including the Respondent's yard, Outings with the dog shall be only as absolutely necessary for medical visits and evaluations. Absent a yard for the dog to urinate/evacuate the dog maybe [sic] walked subject to the above constraints. The dog is not to be in the same room with any children. The dog must be put in a secure crate if there are any children in the same location.

*Id.* at 2.

29.     Plaintiffs agreed to the above restrictions and agreed to abide by them in order to ensure Precious would remain with them while the parties coordinate an evidentiary hearing on the possession issue.

30.     However, immediately after the Court executed the July 14 Order, Defendant appealed it and *refused* to release Precious to Plaintiffs citing to the automatic stay provision of FLA. R. APP. P. 9.310(2)(b).

31.     On July 17, 2023, Plaintiffs filed their Emergency Motion to Vacate Automatic Stay pursuant to FLA R. APP. P. 9.310(2)(b), requesting the Court to lift the automatic stay so the July 14 Order could be enforced, and require Defendant to comply with releasing Precious back to Respondents.

32.     On July 18, 2023, the Court entered its Order Voiding Both Court Orders Signed on March 23, 2023 and March 27, 2024, and Granting Return of Dog to Defendants ("July 18 Order"). A copy of the July 18 Order is attached as **Exhibit "6".**

33.     The July 18 Order states in part

6

> Therefore, because the dog was removed from the Defendants *in violation of their procedural due process, the Orders granting removal are void and Miami-Dade County is to return the dog to the possession and custody of the Defendants no later than Monday July 17, 2023.*

July 18 Order at 4 (emphasis added).

34.     Incredulously, instead of complying with the July 18 Order, releasing Precious to the Plaintiffs, having them abide by the restrictive terms set forth in the July 14 Order, and providing them with a hearing that comports with due process, Defendant willfully and contumaciously violated the July 14 Order and the July 18 Order, and filed *another* Notice of Appeal, invoking the automatic stay of Rule 9.310(b)(2).

35.     In response, on July 18, 2023, Plaintiffs filed their Renewed Emergency Motion to vacate Automatic Stay and For Order to Show Cause.

36.     On July 19, 2023 and in accordance with Florida Statute §768.28, the Plaintiffs sent letters to the Miami Dade County Risk Management Division and the Florida Department of Financial Services Division of Risk Management advising of their intent to bring this action under 42 U.S.C. § 1983, seeking redress for the violation of their federally protected right to possess property and right to due process under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, section 9, of the Florida Constitution.

37.     Defendant's seizure of Precious pursuant to an Ex-Parte petition, without providing a post-deprivation hearing, its refusal to disclose Precious' location or provide Plaintiffs' with access to see Precious, or to allow their own veterinarian to examine Precious, and its willful and contumacious violations of the July 14 Order and July 18 Order deprived Plaintiffs with due process and amounted to a taking of their property in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 9 of Florida Constitution.

38.     The Plaintiffs have retained the undersigned attorney to represent them in this matter and are obligated to pay the undersigned a reasonable fee.

## COUNT I:
## 42 U.S.C § 1983 VIOLATIONS OF PLAINTIFFS' CIVIL RIGHTS

39.     Plaintiffs readopt and reallege their allegations contained in Paragraphs 1 through 38 above.

40.     Defendant, through their agents, Lisa A. Yambrich and Gary Boyett, deprived the - Plaintiffs of their property, to wit: Precious, without honoring their constitutional rights to a proper post-deprivation seizure hearing with notice and the opportunity to be heard.

41.     Defendant acted under color of state law when seizing Precious specifically citing to sections 767.12(1)(a) and 767.14 of the Florida Statutes and section 5-22(g) of the Code of Miami-Dade County.

42.     Defendant's seizure of Precious was the result of an *ex parte* hearing in order to prevent the Plaintiffs from "hiding the animal" prior to the arrival of the animal care and control officers.  However, Defendant was required to provide a post-deprivation hearing to allow Plaintiffs the opportunity to present counter-evidence and refute Defendant's position that it was entitled to seize Precious and maintain custody of her during the administrative process.

43.     Defendant's intent to permanently deprive Plaintiffs of Precious is illustrated by its purported investigation, unilateral decision to euthanize Precious, seize her, and refuse Plaintiffs' access to see, inspect, visit, or otherwise have contact with Precious while she was in Defendant's "custody".

44.     This intent is further illustrated by Defendant's willful, disobedient, and contumacious disregard of *two* Court orders that found Plaintiffs' due process rights were violated,

vacated the orders upon which the Defendant relied to maintain custody of Precious, and requiring Defendant to return Precious to the Plaintiffs.

45.     The Defendant's failure to provide Plaintiffs with fair notice and a real opportunity to be heard after seizing Precious robbed Plaintiffs of their procedural due process rights. Further, Defendant's refusal to allow Plaintiffs access to Precious while in its custody, and continued possession of Precious after the Court had vacated the Order upon which the Defendant insists provided it with the authority to maintain possession, violated Plaintiffs' substantive due process rights.

46.     As a direct and proximate result of Defendant's violation of Plaintiffs' civil rights, Plaintiffs were deprived of Precious for a period of 120 days.  their fifth and fourteenth rights under the United States Constitution as well as their rights under  Article I, section 2 and section 9 of the Florida Constitution.

### RELIEF REQUESTED

WHEREFORE the Plaintiffs pray this Court to enter judgment against Defendant for compensatory and punitive damages, costs, reasonable attorney's fees pursuant to 42 U.S.C. § 1988, and for such other relief as this Honorable Court deems necessary and just.:

### DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully Submitted,

_____

Lauren N. Peffer, Esq.

FL Bar No. 121707

85 SE 4th Ave. Suite 108

9

Delray Beach, FL 33483

(754) 300-8640

Lauren@lturnerlaw.com